[No. 4909.]

THE PEOPLE EX REL. LATHROP v. THE COURT OF APPEALS ET AL.

1. **Certiorari—Jurisdiction.**
    A judgment of the court of appeals cannot be reviewed by the supreme court on certiorari, unless the court of appeals was without jurisdiction, or, in pronouncing judgment, ignored some previous decision of the supreme court.

2. **Same—Estates of Decedents—Discharge of Executor—Action Against Executor.**
    A judgment of the court of appeals holding that the pendency of an action against an executor for attorney's fees and to establish a lien against the property of the estate was not sufficient ground for the refusal by the county court to approve the executor's final report and order his discharge, is not a judgment that can be reviewed by the supreme court on certiorari.

3. **Certiorari—Estates of Decedents—Final Report of Executor—Equity—Public Charity.**
    A proceeding in certiorari brought to review a judgment of an inferior court relating to a final report of an executor, cannot be converted into a suit in equity to administer a public charity created by the will, when the property which is the foundation of the charity is still in the hands of the executor.

*Original Information and Petition for Writ of Certiorari.*

Mr. C. C. BROWN and Miss MARY F. LATHROP, for relator.

Messrs. KINGSLEY & McKNIGHT, for respondent Hallett.

*Per Curiam.*—Moses Hallett, as executor of the last will of George W. Clayton, deceased, filed with the county court of the city and county of Denver his final report as such officer, and asked its approval and for his discharge. Mary F. Lathrop, in her individual capacity, excepted to the report because of the pendency of the case of *Lathrop v. Hallett, executor, etc.,* 20 Colo. App. (77 Pac. 1095), wherein, as plaintiff below, she asked a money judgment against the executor, and that, when rendered, it be adjudged a lien on the estate property. The county court sustained the exception, and refused to approve the report or discharge the executor, and its judgment, upon appeal to the district court, was affirmed. The executor took the case to the court of appeals, where the judgment was reversed, the court being of opinion that the mere pendency of the action by Miss Lathrop against the executor was not a sufficient ground for the county court's refusal to approve the final report and order his discharge.— *Hallett v. Lathrop,* 20 Colo. App. —— (77 Pac. 1096).

Lathrop, as a citizen, inhabitant and taxpayer of the city and county of Denver, wherein was to be dispensed and enjoyed the public charity created by Clayton's will, in her own behalf and in behalf of any other citizens, inhabitants and taxpayers similarly situated, now files this petition to review the judgment of the court of appeals, and has named as respondents the court of appeals, Moses Hallett, as executor, and the attorney general of the state of Colorado. To the rule to show cause, heretofore

issued, of the respondents named in the petition, only the executor has appeared. It is not easy to see how Miss Lathrop, sueing here in the capacity of a representative of taxpayers and others, can have any standing to question a judgment rendered against her personally in an action where she was seeking to protect a possible judgment which she hoped to recover, but never obtained, or herself as an individual, or how she can now bring in new parties. But, waiving these objections, it is clear that she is not entitled, in any capacity, to the relief she prays.

We cannot grant this application unless the court of appeals was without jurisdiction, or, in pronouncing judgment, ignored some previous decision of this court. Great industry has been shown in submitting legal propositions on various points, and the collation of authorities which, so far as we are able to determine, have no bearing on the right of relator to the extraordinary remedy invoked. The only question determined by the court of appeals in the judgment assailed was the single proposition that the pendency of the particular suit against the executor for attorney's fees and a lien was not a sufficient ground for the refusal by the county court to approve the executor's final report and order his discharge. That question was squarely within the issues, and the court of appeals certainly had jurisdiction to determine it. In making that decision, no previous decision of the supreme court was disregarded; or, if so, our attention has not been called to it. The present application, therefore, is without merit.

Counsel apparently would have us assume jurisdiction for the purpose of compelling a proper administering of the public charity created by the will. The argument is that a court of equity has inherent jurisdiction to administer public charities, and because of numerous alleged violations of law and

official duty by the executor, we should inquire into these charges and grant appropriate relief. Assuming that petitioner is correct in her statement of the law, it is sufficient merely to say that the writ of *certiorari* is a common-law writ, and we cannot convert this proceeding in *certiorari,* brought to review a judgment of an inferior court relating to a final report of an executor, into a suit in equity and administer a public charity created by the will, when the property which is the foundation of the charity is still in the hands of the executor.

Other reasons exist for declining jurisdiction, but the foregoing are ample. The rule to show cause is discharged and the proceeding dismissed.

*Proceeding dismissed.*